UNITED STATES of America,
Appellee,

v.

Francisco CHAVEZ, Defendant–
Appellant.

No. 00–1218.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 18, 2001.

Decided Sept. 25, 2001.

Bruce R. Bryan, Syracuse, NY, for Defendant–Appellant.

Peter A. Norling, Assistant United States Attorney (Cecil C. Scott, Assistant United States Attorney, of counsel; Loretta E. Lynch, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Before MESKILL, CABRANES, Circuit Judges, and CHIN,* District Judge.

PER CURIAM:

Francisco Chavez timely appeals from a judgment of conviction entered on March 21, 2000 by the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge*). He contends that his thirty-month sentence of imprisonment should be vacated, because the offense to which he pleaded guilty—importation of heroin in violation of 21 U.S.C. § 952(a) [1]—does not authorize the imposition of a term of incarceration. He also claims that at the sentencing hearing, the District Court failed to make findings as to the type and quantity of narcotics as required pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**I.**

Pursuant to a June 9, 1999 plea agreement, Chavez pleaded guilty that day to one count of importation of heroin in viola-

---

* The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

1. Section 952(a) provides in relevant part:

It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter. . . .

tion of 21 U.S.C. § 952(a). He was sentenced by Judge Korman on March 10, 2000 principally to thirty months of imprisonment, followed by three years of supervised release.

Chavez contends that his thirty-month sentence of imprisonment should be vacated because the offense to which he pleaded guilty—importation of heroin in violation of 21 U.S.C. § 952(a)—does not authorize the imposition of a term of incarceration. He also claims that at the sentencing hearing, Judge Korman failed to make findings as to the type and quantity of narcotics as required pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## II.

▮ Contrary to Chavez's assertions, 21 U.S.C. §§ 952(a) and 960 are read in concert to define and penalize, through incarceration and fines, a single offense. The plain language of 21 U.S.C. §§ 952(a), 960(a),[2] and 960(b)[3] makes this clear. Section 952(a) prohibits the importation of schedule I narcotics, which includes heroin. 21 U.S.C. § 952(a); 21 U.S.C. § 812(c), Sched. I (b)(10).[4] Section 960(a) in turn states that a knowing and intentional violation of 21 U.S.C. § 952 "shall be punished as provided in subsection (b) of this section." 21 U.S.C. § 960(a). Section 960(b) then sets forth terms of imprisonment and fines based on specified or unspecified quantities of narcotics at issue. 21 U.S.C. § 960(b). Therefore, the District Court properly sentenced Chavez to a term of incarceration for importing heroin in violation of 21 U.S.C. § 952(a).

▮ Chavez's reliance on the holding in *Apprendi*, 530 U.S. at 466, 120 S.Ct. 2348,

2. Section 960(a) provides in relevant part:
Any person who—
(1) contrary to section 952, 953, or 957 of this title, knowingly or intentionally imports or exports a controlled substance, . . . shall be punished as provided in subsection (b) of this section.

3. Section 960(b) provides in relevant part:
(1) In the case of a violation of subsection (a) of this section involving—
(A) 1 kilogram or more of a mixture or substance containing a detectable amount of heroin; . . .
the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life
. . . .
. . .
(2) In the case of a violation of subsection (a) of this section involving—
(A) 100 grams or more of a mixture or substance containing a detectable amount of heroin; . . . the person committing such violation shall be sentenced to a term of imprisonment of not less than 5 years and not more than 40 years . . . .
. . .
(3) In the case of a violation under subsection (a) of this section involving a controlled substance in schedule I or II, . . . the person committing such violation shall, except as provided in paragraphs (1), (2), and (4), be sentenced to a term of imprisonment of not more than 20 years . . . .

4. Section 812(c), Sched. I (b)(10) provides in relevant part:
(c) Initial schedules of controlled substances
Schedules I, II, III, IV, and V shall, unless and until amended pursuant to section 811 of this title, consist of the following drugs or other substances, by whatever official name, common or usual name, chemical name, or brand name designated:
Schedule I
. . .
(b) Unless specifically excepted or unless listed in another schedule, any of the following opium derivatives, their salts, isomers, and salts of isomers whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation:
. . .
(10) Heroin.
(footnote omitted).

with respect to the District Court's obligation to make findings as to drug type and quantity, is misplaced. The Pre–Sentencing Report identified heroin as the type of drug imported, and Chavez did not contest that fact. Pursuant to 21 U.S.C. §§ 960(b)(1) and (2), maximum sentences of life and forty years of imprisonment are permitted for violation of 21 U.S.C. § 952(a), depending on the quantity of heroin involved in the offense. 21 U.S.C. §§ 960(b)(1), (2). However, Chavez was sentenced under 21 U.S.C. § 960(b)(3), which prescribes a twenty-year maximum sentence when the quantity of heroin at issue is unspecified. 21 U.S.C. § 960(b)(3). Thus, Chavez was sentenced within the lowest maximum for heroin offenses under 21 U.S.C. § 960(b). Therefore, the amount of heroin that Chavez pleaded guilty to importing did not affect the statutory maximum, rendering *Apprendi* inapplicable. *United States v. Breen*, 243 F.3d 591, 599 (2d Cir.2001) (holding that defendant's sentence to the lowest statutory maximum for his conviction post-enhancement did not implicate *Apprendi* concerns); *United States v. Garcia*, 240 F.3d 180, 182–83 (2d Cir.2001) (holding that *Apprendi* applies only to guideline factors related "to a sentence above a statutory maximum or to a mandatory statutory minimum").

### III.

The judgment of the District Court is affirmed.